UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-5756 FMO (BFMx)** | Date | **January 23, 2026** |
|---|---|---|---|
| Title | **Estate of Kamren Nettles, et al. v. Los Angeles County Sheriff's Department, et al.** | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:          Attorney Present for Defendants:

None Present                              None Present

**Proceedings:**      **(In Chambers) Order to Show Cause Re: Dismissal for Lack of Prosecution**

On December 12, 2025, the court granted the parties' joint stipulation for leave for plaintiffs to file a Second Amended Complaint ("SAC"). (Dkt. 69, Court's Order of December 12, 2025, at ¶ 1). In its Order, the court directed the Los Angeles County Sheriff's Department, the County of Los Angeles, Sheriff Robert Luna, Paula Tokar, Travis Nelson, Alexander Masuda, Omar Varo, Samuel Applegate, Deputy Omajugho, and Deputy Dain (collectively "defendants") to file a responsive pleading within 21 days of the filing of the SAC. (Id. at ¶ 3). Plaintiffs filed their SAC on December 19, 2025, (Dkt. 72), making any responsive pleading due on January 9, 2026. Defendants did not file a responsive pleading by that deadline, nor has any responsive pleading been filed since. (See, generally, Dkt.). Accordingly, IT IS ORDERED THAT:

1. Plaintiffs shall file an application for entry of default under Fed. R. Civ. P. 55(a) no later than **January 30, 2026**.

2. Plaintiffs shall file and serve a motion for default judgment no later than **seven (7) days** after the Clerk has entered default against any defendant in the case, and notice it for hearing pursuant to the Local Rules. The motion shall include all types of relief plaintiffs seek, i.e., damages, injunctive relief, and attorney's fees. Failure to include a request for a particular type of relief shall result in the denial of the relief omitted from the moving papers. At a minimum, plaintiffs' motion shall address: (a) procedural history of the action, (b) the requirements set forth in Local Rule 55-1; (c) the default judgment factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986); (d) the legal authority that sets out the elements of the causes of action upon which plaintiff seeks default judgment;[1] and (e) the legal and factual basis – with specific citations to statutes and case law – for their damages calculations and attorney's fees claims. The damages calculations must be supported by detailed, clear, and thorough calculations, and cite to the underlying admissible evidence, such as contracts, spreadsheets, and declarations. Plaintiffs'

---

[1] Plaintiffs should consider the number of claims upon which they seek default judgment. To the extent the relief plaintiffs seek can be obtained under one claim, it is not necessary – and may only delay – to seek default judgment as to the other claims in the operative complaint.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-5756 FMO (BFMx)** | Date | **January 23, 2026** |
|---|---|---|---|
| Title | **Estate of Kamren Nettles, <u>et</u> <u>al.</u> v. Los Angeles County Sheriff's Department, <u>et</u> <u>al.</u>** | | |

motion must include the calculations within the text of the memorandum of points and authorities and, if appropriate, include a separate table or chart entitled, "Calculations Summary."

3.  Plaintiffs are advised that failure to seek an entry of default and/or file the motion for default judgment by the deadlines set forth above, or comply with the requirements set forth in this Order and/or to provide sufficient information for the court to make a determination as to any issue or damages calculation, may result in the motion being denied and/or the action against defendants being dismissed for failure to prosecute and/or to comply with a court order.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

Initials of Preparer                    vdr